IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORI FLOOK,<br><br>Plaintiff,<br>v.<br><br>T.J. MAXX, a subsidiary of<br>THE TJX COMPANIES, INC.<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | 4:15-CV-02069<br><br><br><br><br><br>(Judge Brann) |

**MEMORANDUM**

January 6, 2016

Pending before this Court is a motion to dismiss for failure to state a claim upon which relief can be granted, or alternatively a motion for more definite statement or a motion to strike, pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e), and 12(f), filed by Defendant T.J. Maxx, a subsidiary of The TJX Companies, Inc. (hereinafter "TJX") against Plaintiff Dori Flook (hereinafter "Ms. Flook").[1] In accordance with the following reasoning, TJX's motion to dismiss is denied.

## I. BACKGROUND

Ms. Flook filed the instant matter against TJX in the Court of Common Pleas of Luzerne County, Pennsylvania, and it was subsequently removed to this Court.[2] In her complaint, Ms. Flook alleges that she sustained injuries after she

---

[1] ECF No. 4.
[2] ECF No. 1.

slipped and fell on ice while unhitching a trailer at the TJX Distribution Center in Pittson, Pennsylvania.[3] Ms. Flook specifically states that she suffered "pain and inflammation in her low back at the L4 and L5 locations, a fracture of her sacrum at the S3 level, sacroillitis, bilateral facet arthropathy, headaches and left leg numbness and weakness," that she continues to incur medical costs, and that she has a loss of past and future wages.[4]

## II. LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.[5] However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions."[6] In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.[7] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[3] ECF No. 1, Exhibit A,¶¶ 17, 18, 21.
[4] *Id.* at ¶¶ 17, 18, 21.
[5] *See Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).
[7] *Kost*, 1 F.3d at 183.

suffice."[8] At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.[9]

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face.[10] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading."[12] Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests.'"[13] Even under this lower notice pleading standard, however, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief.[14] Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as

---

[8] *Iqbal*, 556 U.S. at 678.
[9] *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).
[10] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).
[11] *Iqbal*, 556 U.S. at 663-664.
[12] *Hellmann v. Kercher*, No. 07-1373, 2008 WL 1969311 at * 3 (W.D. Pa. May 5, 2008) (Lancaster, J.).
[13] *Twombly*, 550 U.S. at 554 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[14] *See Hellmann*, 2008 WL 1969311 at *3.

true, suggest the required elements of a particular legal theory.[15] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief."[16]

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."[17] A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."[18] If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[19]

## III. DISCUSSION

In its motion, TJX states that Ms. Flook's complaint "sets forth an unspecified claim sounding in negligence" yet makes a conclusory allegation of "recklessness" to support a claim of punitive damages without specifying any facts alleging reckless conduct by TJX.[20] TJX requests that the Court strike all allegations of "recklessness" in Ms. Flook's complaint.[21]

---

[15] *See Twombly*, 550 U.S. at 561.
[16] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)).
[17] *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).
[18] *Id.* at 326.
[19] *Id.* at 327.
[20] ECF No. 4.
[21] *Id.*

Ms. Flook argues, however, that she has alleged numerous and certainly sufficient facts in her complaint describing TJX's reckless conduct.[22] The conduct that she alleges is "reckless" includes: failing to alert truckers and guests of the dangerous condition of the property, failing to mark the area with some type of alert, failing to request and/or effect necessary removal of the large accumulation of ice, failing to remove snow and ice properly, failing to apply any rock salt or anti-skid spread on the ice, failing to inspect the premises, failing to insure that agents preformed inspections of the premises.[23] She states that a jury could conclude that TJX's actions were reckless and argues that it would be premature to dismiss allegations of "recklessness" prior to conducting discovery in the matter.[24]

To succeed on a claim for punitive damages under Pennsylvania law, a plaintiff must establish that the defendant's conduct was outrageous because of his or her "evil motive" or "reckless indifference to the rights of others."[25] "[P]unitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct."[26]

Pennsylvania courts have adopted the following standard for reckless misconduct, as set forth in Section 500 of the Restatement (Second) of Torts:

---

[22] ECF No. 6.
[23] *Id.*
[24] *Id.*
[25] *Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005).
[26] *Id.*

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.[27]

The Supreme Court of Pennsylvania observed in *Evans v. Philadelphia Transportation Company,*[28] that a defendant acts with reckless disregard when he consciously disregards a known risk "so obvious that he must ... have been aware of it, and so great as to make it highly probable that harm would follow."[29] The *Evans* court concluded that the issue of whether a defendant has acted with reckless disregard for the safety of others is an issue of fact to be determined by a jury.[30]

In the instant matter, Ms. Flook alleges that her "aforementioned slip and fall was caused exclusively and solely by the negligence, carelessness and/or recklessness of the Defendant" and then provides a list of seven "failures" on the part of TJX. While the allegations in the complaint alone would not be sufficient to convince a jury that TJX's actions were reckless, discovery may yield support for Ms. Flook's claims. If not, however, TJX may later move for partial summary

---

[27] Restatement (Second) of Torts § 500 (1965); *see also Evans v. Philadelphia Transportation Company*, 212 A.2d 440, 444 (Pa. 1965); *Stubbs v. Frazer*, 454 A.2d 119, 120 (Pa. Super. Ct. 1982).
[28] 212 A.2d 440 (Pa. 1965).
[29] *Evans*, 212 A.2d at 443.
[30] *Evans*, 212 A.2d at 445.

judgment on this issue.[31] At this state in the litigation, however, Ms. Flook's averments survive a motion to dismiss for the reasons delineated.

## IV. CONCLUSION

In accordance with the foregoing analysis, TJX's motion to dismiss and/or for more definite statement and/or to strike pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e), and 12(f)[32] is denied.

An appropriate Order follows.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge

[31] *See Fiorelli v. 2080019 Ontario, Inc*., 2015 WL 391661, *2 (M.D. Pa. June 25, 2015).
[32] ECF No. 4.